IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDWARD NANCE ) | |
| ) | |
| *Plaintiff* ) | Case No. 1:17-cv-01092 |
| ) | |
| v. ) | Judge Rebecca R. Pallmeyer |
| ) | |
| METROPOLITAN LIFE INSURANCE ) | Magistrate Judge Young B. Kim |
| COMPANY ) | |
| ) | |
| *Defendant* ) | |

**METROPOLITAN LIFE INSURANCE COMPANY'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT**

Defendant, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorneys, Warren von Schleicher and Rachel Beattie of Smith von Schleicher & Associates, submits its Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint:

**INTRODUCTION**

Plaintiff Edward Nance ("Nance") initiated this action seeking payment of long-term disability benefits from MetLife under an employee welfare benefit plan (the "Plan") sponsored by Comcast Corporation ("Comcast"). Benefits under the Plan are funded by a group insurance policy issued by MetLife to Comcast, and governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"). As an eligible employee of Comcast, Nance was a participant in the Plan.[1]

In his Complaint, Nance asserts a state law claim against MetLife for breach of an insurance contract and seeks payment of long-term disability benefits. Nance's state law claim is

---

[1] A copy of the applicable Plan documents, including the Certificate of Insurance and Summary Plan Description, were attached to MetLife's Notice of Removal (ECF Doc. Nos. 1-4, 1-5). The Plan documents are central to and form the basis for Nance's claim in his Complaint. The Plan documents, therefore, may be considered in deciding MetLife's Motion to Dismiss. See *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013); *Hecker v. Deere & Co.*, 556 F.3d 575, 582-583 (7th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

preempted by §514 of ERISA, 29 U.S.C. §1144.  Section 502(a)(1)(B) of ERISA provides exclusive remedies for participants and beneficiaries who seek to recover benefits under an employee welfare benefit plan governed by ERISA.  Section 514 precludes Nance from supplementing ERISA's carefully articulated remedial scheme with remedies arising under state law.  ERISA preempts all state law causes of action that relate to an ERISA-regulated employee benefit plan.  *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46 (1987).  Nance's state law claim is preempted by ERISA and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  Nance should file an Amended Complaint in order to properly allege a claim for payment of benefits solely under §502(a)(1)(B).

## ARGUMENT

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint.  The allegations of the complaint must establish a plausible right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  When the complaint fails to state a legally plausible claim, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Twombly*, 550 U.S. at 558 (internal quotations and citations omitted).

### I.     The Plan is an Employee Welfare Benefit Plan Governed by ERISA

ERISA is a "comprehensive and reticulated statute" of "general application, one that envisions inclusion within its ambit as the norm."  *Smart v. State Farm Ins. Co.*, 868 F.2d 929, 933 (7th Cir. 1989) (citing *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 510 (1981)).  Accordingly, ERISA's definition of an "employee welfare benefit plan" is expansive:  (i) any "plan, fund or program" (ii) that is "established or maintained" (iii) by an "employer" (iv) for the purpose of providing, either directly or "through the purchase of insurance," "benefits in the

event of … accident, disability [or] death" (v) to participants and beneficiaries. 29 U.S.C. §1002(1). See also *Ruttenberg v. U.S. Life Ins. Co.*, 413 F.3d 652, 660 (7th Cir. 2005).

ERISA defines an "employer" as "any person acting directly as an employer, or indirectly in the interest of an employer." 29 U.S.C. §1002(5).[2] The Plan identifies Comcast as the Policyholder and designates the persons eligible for coverage as "All Full-Time Class 4 Non-Union and 'Me Too' status Union employees of the Policyholder, but not temporary or seasonal employees." (ECF Doc. 1-4, Cert. of Ins., pgs. MET00507, MET00532).

A "plan, fund or program" is established if "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Grimo v. Blue Cross/Blue Shield, of Vt.*, 34 F.3d 148, 151 (2nd Cir. 1994) (quoting *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir. 1982) (*en banc*)). The Plan identifies long term disability insurance as the intended benefits, Comcast's eligible employees as the class of beneficiaries, and a group insurance policy issued by MetLife to Comcast as the source of financing. (ECF Doc. 1-4, Cert. of Ins., pgs. MET00507, MET00525, MET00532; ECF Doc. 1-5, SPD, pgs. MET00563, MET00564). The Plan further establishes procedures for submitting claims and receiving benefits. (ECF Doc. 1-4, Cert. of Ins., pgs. MET00552-553; ECF Doc. 1-5, SPD, pgs. MET00574-575).

The Plan was established by Comcast to provide LTD insurance benefits to eligible employees. Accordingly, the Plan satisfies the elements of an ERISA employee welfare benefit plan. See *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 511 (7th Cir. 1989) (when an employer contracts with an insurer for the purchase of a group insurance policy and designates a class of employees eligible for enrollment, the employer has demonstrated a

---

[2] ERISA defines "person" to include a corporation. 29 U.S.C. §1002(9).

sufficient level of involvement to "establish or maintain" an ERISA plan). See also *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes or maintains a plan if it enters a contract with the insurer and pays its employees' premiums.").

The Plan is not exempt from ERISA under the Department of Labor's safe harbor exemption. While ERISA preemption under §514 is expansive, the regulatory safe harbor exemption is narrow. The safe harbor provision exempts benefit plans from ERISA only if all four criteria are satisfied, including that no contributions are made by the employer, and that the sole functions of the employer are, "without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer." 29 C.F.R. §2510.3-1(j).

The Plan fails to satisfy the first criterion because Comcast paid for its eligible employees' basic long-term disability insurance coverage. (ECF Doc. 1-4, Cert. of Ins., pgs. MET00525, MET00529; ECF Doc. 1-5, SPD, pgs. MET00565, MET00566). See *Helfman v. GE Group Life Assur. Co.*, 573 F.3d 383, 391-392 (6th Cir. 2009) ("[I]f an employer contributes to any employee's payment of premiums, ERISA must apply to the entirety of the particular insurance program, regardless of whether one or more employees pays his own premiums in full."); *Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454 (7th Cir. 2005).

Participation in the Plan is not completely voluntary because Comcast automatically enrolls eligible employees for Basic LTD insurance coverage. (ECF Doc. 1-5, SPD, pg. MET00565). See *Vergin v. Reliance Standard Life Ins. Co*., No. 08-C-0283, 2009 WL 742767, at *4 (E.D. Wis. Mar. 17, 2009) ("by making participation for one employee class involuntary" the plan failed to satisfy the safe harbor criteria). See also *Carter v. Guardian Life Ins. Co. of Am.*, No. 11-3-ART, 2011 WL 1884625, at *1 (E.D. Ky. May 18, 2011) (participation not "completely

voluntary" if employees automatically enrolled); *Toohey v. Cigna Corp.*, No. CV-09-88-ST, 2009 WL 2169859, at *5 (D. Or. June 24, 2009) (same).

Moreover, Comcast endorsed the Plan and did not maintain strict neutrality. As explained by the United States Department of Labor, "[the] requirement of employer neutrality is key to the rationale for not treating such a program as an employee benefit plan, namely the absence of employer involvement." 40 Fed. Reg. 34,526 (1975). If an employer fails to maintain neutrality and endorses the plan, the safe harbor exemption is inapplicable. *Brundage-Peterson*, 877 F.2d at 511. An employer endorses a plan if it serves as the policyholder of the insurance coverage or reserves the right to terminate the coverage. See *Julka v. Standard Ins. Co.*, No. 09-cv-534-slc, 2010 WL 376938, at *4 (W.D. Wis. Jan. 27, 2010) (holding that safe harbor does not apply to group insurance purchased by employer); *Cabernoch v. Union Labor Life Ins. Co.*, No. 06 C 1515, 2009 WL 928998, at *4 (N.D. Ill. Apr. 6, 2009) ("The critical factor is the employer's level of administrative involvement in the plan. Defining which employees are eligible to participate, contributing to premiums and performing some administrative functions can all implicate ERISA."); *Orlando v. United of Omaha Life Ins. Co.*, No. 06 C 3758, 2007 WL 2875241, at *4 (N.D. Ill. Sept. 30, 2007) (employer endorsed the plan where "In addition to being designated the Policyholder in both the Booklet and the Policy, [employer] Partners obligated itself to perform administrative tasks under the terms of the Policy and to provide [insurer] United with certain information"); *Shyman v. Unum Life Ins. Co. of Am.*, No. 01 C 7366, 2004 WL 609280, at *5 (N.D. Ill. Mar. 25, 2004), *aff'd*, 427 F.3d 452 (7th Cir. 2005) (employer endorsed the plan where the group policy "lists [employer] Shatkin as the Policyholder" and "allows Shatkin (as Policyholder) to cancel the Policy").

Comcast endorsed the Plan by selecting MetLife as the LTD Plan insurer and LTD claim administrator, purchasing LTD coverage as a benefit for its employees, designating which employees are eligible for coverage, automatically enrolling eligible employees for Basic LTD coverage, and paying its participating employees' coverage premiums for Basic LTD coverage. (ECF Doc. 1-4, Cert. of Ins., pgs. MET00507, MET00525-526, MET00529, MET00532-535; ECF Doc. 1-5, SPD, pgs. MET00563-566). Comcast, therefore, "endorsed" the Plan as part of its employee welfare benefit program, rendering the safe harbor exemption inapplicable. See *Orlando*, 2007 WL 2875241, at *3 ("[T]wo employer activities, contracting with the insurer to provide the plan and designating eligible employees under it, were sufficient to place the plan within ERISA's framework."); *Dwyer v. Unum Life Ins. Co. of Am.*, No. 03 C 1118, 2003 WL 22844234, at *2 (N.D. Ill. Dec. 1, 2003) ("'[A]n employer who creates by contract with an insurance company a group insurance plan and designates which employees are eligible to enroll in it is outside the safe harbor created by the Department of Labor regulation.' This is exactly what [the employer] has done--contracted with Unum for a group plan and designated employees eligible to enroll.") (quoting *Brundage-Peterson*, 877 F.2d at 510).

The Plan satisfies ERISA's definition of employee welfare benefit plan and does not fall within the safe harbor provision.

## II. ERISA Preempts Nance's State Law Claim

"ERISA includes expansive pre-emption provisions, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Section 514(a) of ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. §1144(a). This "broadly worded provision routinely preempts state law claims that affect the

structuring of ERISA plans, or that purport to determine the substantive rights and duties among parties to its creation and administration." *Rice v. Panchal*, 65 F.3d 637, 645 (7th Cir. 1995). ERISA "was intended to displace all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metro. Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985).

A state law claim "relates to" an employee welfare benefit plan if the court is called upon to interpret the provisions of the plan. *Egelhoff v. Egelhoff*, 532 U.S. 141, 146-147 (2001); *Metro. Life Ins. Co. v. Johnson*, 297 F.3d 558, 566 (7th Cir. 2002). Nance's state law claim seeking payment of Plan benefits cannot be decided without interpreting and applying the terms of the Plan, including the Plan's conditions precedent for payment of long-term disability benefits. Section 502(a) of ERISA provides the exclusive means by which a beneficiary may bring a civil action to recover plan benefits. *Pilot Life*, 481 U.S. at 45-46. ERISA preempts "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy." *Davila*, 542 U.S. at 209. Thus ERISA "knocks out any effort to use state law, including state common law, to obtain benefits under [an ERISA governed] plan." *Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 127 (7th Cir. 1992).

Courts consistently hold that ERISA preempts state law claims for breach of contract to recover ERISA plan benefits. See *Rud v. Liberty Life Assurance Co.*, 438 F.3d 772, 777 (7th Cir. 2006); *Lamkins v. Dress Barn, Inc.*, No. 14 C 8118, 2015 WL 3407372, at *4 (N.D. Ill. May 27, 2015) (holding ERISA preempts state law claims including for breach of contract) (collecting cases); *Vergin v. Reliance Standard Life Ins. Co.*, No. 08 C 0283, 2009 WL 742767, at *5 (E.D. Wis. Mar. 17, 2009) ("The Court need not delve into the question of whether a breach of contract action 'relates to' an employee benefit plan; the Seventh Circuit Court of Appeals has concluded

that ERISA preempts state breach of contract actions.") (citing *Marciosek v. Blue Cross & Blue Shield United of Wis.*, 930 F.2d 536, 540 (7th Cir. 1991); *Tomczyk v. Blue Cross & Blue Shield United of Wis.*, 951 F.2d 771, 776 (7th Cir. 1991), *cert. denied*, 504 U.S. 940 (1992)).

## CONCLUSION

The Plan is governed by ERISA and §502(a)(1)(B) provides the exclusive means by which a beneficiary may bring a civil action to recover plan benefits. ERISA preempts Nance's state law claim, warranting dismissal pursuant to Fed. R. Civ. P. 12(b)(6). MetLife does not object to Nance promptly filing an Amended Complaint in order to properly allege a claim for payment of benefits arising solely under §502(a)(1)(B).

Respectfully submitted,

Warren von Schleicher (IL-6197189)    By: */s/ Warren von Schleicher*
Rachel Beattie (IL-6305444)                Attorney for Defendant,
SMITH | VON SCHLEICHER + ASSOCIATES     Metropolitan Life Insurance Company
180 North LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com
rachel.beattie@svs-law.com

**CERTIFICATE OF SERVICE**

I certify that on March 3, 2017, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system.  I further certify that a paper copy of the electronically filed document was served on the individual addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

James E. Taylor, Esq.
9401 South Forest Avenue
Chicago, Illinois  60619
jtaylor@jetlaw.net

*/s/ Warren von Schleicher*
SMITH | VON SCHLEICHER + ASSOCIATES
180 N. LaSalle St. Suite 3130
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
warren.vonschleicher@svs-law.com
Ill. Bar No. 6197189